## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLSTATE INSURANCE COMPANY,  )
                             )
            Plaintiff,       )
                             )
       v.                    )        Civil Action No. 05-276J
                             )
MICHAEL KELLY,               )
                             )
            Defendant.       )

## MEMORANDUM OPINION AND ORDER

### SYNOPSIS

This matter comes before the Court on Defendant's Motion to Open/Set Aside Judgment on the

Pleadings Pursuant to Fed. R. Civ. P. 60 (Document No. 33) and his Brief in Support (Document No.

34). Defendant argues that the judgment should be set aside pursuant to Fed. R. Civ. P. 60 on the basis

of mistake, inadvertence or excusable neglect. (Document 33, p. 3).

Plaintiff filed a Response to Defendant's Motion to Open/Set Aside Judgment on the Pleadings

Pursuant to Fed. R. Civ. P. 60 (Document No. 35) and its Brief in Support (Document No. 36). Plaintiff

argues that Defendant is not entitled to have the judgment set aside pursuant to Fed. R. Civ. P. 60 on

the basis of mistake, inadvertence or excusable neglect. (Document 36, pp. 1-7).

### JURISDICTION

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania

pursuant to 28 U.S.C. §1332 based on diversity jurisdiction and 28 U.S.C. §2201 based on the

Declaratory Judgments Act.

## BACKGROUND

Plaintiff filed suit against Defendant on June 7, 2005. Plaintiff served Defendant on August 17, 2005. Defendant's Answer was due on or before September 6, 2005. Defendant did not file a timely Answer.

Plaintiff filed a Motion for Default Judgment on October 4, 2005 based on Defendant's failure to timely Answer. Defendant then filed his Answer on October 19, 2005. Defendant's Answer contained no affirmative defenses. Thus, as of October 19, 2005 the pleadings in this case were closed.

Plaintiff filed its Motion for Partial Judgment on the Pleadings on October 28, 2005. Defendant's time to respond to the Plaintiff's Motion for Partial Judgment on the Pleadings expired in November 2005. The Court, however, did not grant Plaintiff's Motion for Partial Judgment on the Pleadings until March 3, 2003, more than four months after it was filed.[1]

Defendant waited until March 31, 2006 to file his Motion to Open/Set Aside Judgment on the Pleadings. Rather than timely file a motion to set aside the judgment under Fed. R. Civ. P. 59, Defendant waited 28 days and then moved for the judgment to be set aside pursuant to Fed. R. Civ. P. 60(b)(1) based on mistake, inadvertence or excusable neglect.[2] Furthermore, Defendant has never provided the Court with a response to the Motion for Partial Judgment on the Pleadings.

Although Defendant alleges that his counsel "... was under the good faith belief that he had until

---

[1] Defendant had ample opportunity to respond to Plaintiff's Motion for Partial Judgment on the Pleadings or to request an extension of time to do so from the Court. Defendant made no such effort.

[2] Pursuant to Fed. R. Civ. P. 59(e) a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment."

the conclusion of discovery, April 1, 2006, to respond to the Motion for Partial Judgment on the Pleadings ..." filed in October 2005, Defendant offers no specific basis for his counsel's alleged "good faith belief." (Document No. 33, p. 3). Defendant neither alleges that he made a request for an extension of time to respond to this motion at the pretrial conference or at any other time, nor does he allege that the Court or the Plaintiff made any statements that led him to believe he had more than four additional months to respond to the Plaintiff's Motion for Partial Judgment on the Pleadings.

## LEGAL STANDARD

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment [for]...mistake, inadvertence, surprise, or excusable neglect...." Fed. R. Civ. P. 60(b)(1). "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

A motion for relief under Rule 60(b) is directed to the sound discretion of the court. *Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1989). Such motions are to be granted only in exceptional circumstances. *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The determination of what constitutes excusable neglect for purposes of relief from judgment is an equitable one, and thus, the Court must take into account all relevant circumstances, including: 1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the movant; and 4) whether the movant acted in good faith. *Pioneer Inv. Serv., Inc. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *George*

3

*Harms Constr. Co., Inc. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004).

## ANALYSIS

Defendant argues that the judgment on the pleadings should be set aside because his failure to respond to Plaintiff's Motion for Partial Judgment on the Pleadings was due to "mistake, inadvertence..., or excusable neglect."   Fed.R.Civ.P.60(b)(1); (Document No. 33, p. 3).   Defendant argues that "following the pretrial conference on February 1, 2006 [his counsel] was under the good faith belief that he had until the conclusion of discovery, April 1, 2006, to respond to the Plaintiff's Motion for Judgment on the Pleadings." (Document 33, p. 3). Defendant further argues that because of this alleged belief his counsel inappropriately calendared the date the response was due. (Document No. 34, p. 3). As stated earlier, Defendant neither alleges that he made a request for an extension of time to respond to this motion at the pretrial conference or at any other time, nor does he allege that the Court or the Plaintiff made any statements that led him to believe he had more than four additional months to respond to the Plaintiff's Motion for Partial Judgment on the Pleadings.

"[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Serv., Inc.*, 507 U.S. at 395; *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) (holding that where the order from which relief is sought is the result of "[c]ounsel's failure to read and obey an unambiguous court rule" pertaining to the time frame in which to respond to a motion for summary judgment, counsel's omission is not excusable neglect); *Cobos v. Adelphi University*, 179 F.R.D. 381, 387 (E.D.N.Y. 2998) (holding "an attorney's failure to follow an unambiguous court rule will not result in a finding of 'excusable neglect'" justifying relief from the judgment or order).

4

Additionally, federal courts have regularly refused to relieve a party from final judgment where the final judgment results from the failure of the party's attorney to timely respond to a motion. For instance, an attorney's mistaken belief that he did not have to respond to the motion to dismiss, and that notice of a hearing on the motion would be fixed by the court before he needed to file a responsive pleading was not sufficient to justify setting aside the judgment. *Andrews v. Time*, 690 F.Supp. 362, 364 (E.D. Pa. 1988); *see also U.S. v. Montoya*, 118 Fed. Appx. 666, 667-68 (3d Cir. 2005) (holding that after the motion for summary judgment was granted, defendant was not entitled to relief from judgment based on mistake, inadvertence, surprise or excusable neglect due to the fact he had failed to respond to the motion because he was under the impression that it was being held in abeyance until settlement negotiations were exhausted where there was no evidence suggesting that this impression was reasonable or that a stay had been requested or granted); *Reif v. A.H. Robins Co.*, 90 F.R.D. 526, 529-30 (E.D. Pa. 1981) (holding counsel's negligence in failing to timely file a request for leave to proceed was not a basis for relief from order of dismissal under rule providing that an order may be set aside because of mistake, inadvertence, surprise or excusable neglect); *Frank v. New Amsterdam Cas. Co.*, 27 F.R.D. 258, 260 (E.D. Pa. 1961) (holding that failure of defendant's counsel to file the necessary post trial motion within the time allowed did not constitute "excusable neglect" entitling defendant to relief); *Corretjer Farinacci v. Picayo*, 149 F.R.D. 435, 439 (D. Puerto Rico 1993) (holding that the plaintiff was duly served with the motion for summary judgment and was on notice of the requirement for a response within ten days, yet six weeks passed before plaintiff's attorney sought an extension of time to respond and no explanation for the delay was offered, therefore, the plaintiff was not entitled to relief from the grant of summary judgment on theory of excusable neglect based on failure of the attorney to

respond).

Defendant has not presented a viable reason under Rule 60(b) to vacate the partial judgment on the pleadings entered against him. The rule pertaining to the time to respond to motions is unambiguous. The Court finds that it was well within the reasonable control of the Defendant to timely respond to the Plaintiff's Motion for Partial Judgment on the Pleadings. Furthermore, the Court finds that the Defendant did not demonstrate good faith in attempting to timely respond or in explaining to the Court his reason for failing to timely respond as he provides no evidence[3] to support his alleged "good faith belief" that he had until the close of discovery to respond to the Plaintiff's Motion for Partial Judgment on the Pleadings. Additionally, the Plaintiff would suffer some prejudice if the judgment were set aside due to decisions it made regarding discovery after the judgment was entered. (Document 35, p. 5). Finally, although the potential impact on the judicial system would be slight, the Court finds there is a negative impact in allowing parties to be severely delinquent in their filings with the Court as such behavior adversely affects the judicial goal of addressing motions and cases in a timely and efficient manner and, therefore, such failure to abide by filing deadlines causes judicial resources to be utilized in a less efficient manner.

Accordingly, after weighing the relevant factors, the Court finds Defendant's failure to respond to Plaintiff's Motion for Partial Judgment on the Pleadings was not due to mistake, inadvertence or excusable neglect within the meaning of Rule 60 (b)(1). Thus, Defendant's Motion to Reopen/Set Aside Judgment on the Pleadings Pursuant to F.R.C.P. 60 is denied. An appropriate order follows.

---

[3]Not only does Defendant not provide evidence, he does not even make an assertion as to what transpired to provide the basis for his alleged "good faith belief."

6

AND NOW, this 26th day of April, 2006, after considering Defendant's Motion to Open/Set Aside Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 60 (Document No. 33) and his Brief in Support (Document No. 34) and Plaintiff's Response to Defendant's Motion to Open/Set Aside Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 60 (Document No. 35) and its Brief in Support (Document No. 36), the Court finds that Defendant is not entitled to have the judgment set aside based on mistake, inadvertence or excusable neglect, and therefore, **IT IS HEREBY ORDERED** that Defendant's Motion to Open/Set Aside Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 60 (Document No. 33) is DENIED.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

7