## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-276J |
| | ) |
| MICHAEL KELLY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION and ORDER

**GIBSON, J.**

This matter comes before the Court on Betty Church's Petition in Intervention (Document No. 14), Plaintiff's Response and Motion to Strike Betty Church's Petition in Intervention and its Brief in Support (Document No. 16), John Colella's Petition in Intervention (Document No. 20), Plaintiff's Response and Motion to Strike John Colella's Petition in Intervention (Document No. 21) and its Brief in Support (Document No. 22) (Betty Church and John Colella are hereinafter referred to collectively as "Intervenors"). For the reasons stated herein, Betty Church's Petition in Intervention (Document No. 14) and John Colella's Petition in Intervention (Document No. 20) are denied and Plaintiff's Motions to Strike the Petitions in Intervention (Document Nos. 16 and 21) are granted.

The case *sub judice* is a declaratory judgment action in which Plaintiff requests a determination of the validity or invalidity of the homeowner's insurance policy it issued to Defendant. A fire that destroyed the property and killed two tenants occurred at the property on which the homeowner's insurance policy was issued. (Document No. 14, p. 1; Document No. 20, p.1). The Intervenors are

representatives of the estates of the tenants killed in the fire.[1] (Document No. 14, p. 1; Document No.

20, p. 1).

According to Fed. R. Civ. P. 24(a) an intervention of right is appropriate under the following

circumstances:

> Upon timely application anyone shall be permitted to intervene in an action: 1) when a
> statute of the United States confers an unconditional right to intervene; or 2) when the
> applicant claims an interest relating to the property or transaction which is the subject
> of the action and the applicant is so situated that the disposition of the action may as a
> practical matter impair or impede the applicant's ability to protect that interest, unless
> the applicant's interest is adequately represented by existing parties.

Therefore, under Fed. R. Civ. P. 24(a)(2) a person may intervene of right only if: 1) the

application for intervention is timely; 2) the applicant has a sufficient interest in the litigation; 3) the

interest may be affected or impaired, as a practical matter, by the disposition of the action; and 4) the

interest is not adequately represented by an existing party in the litigation. *Harris v. Reeves*, 946 F.2d

214, 219 (3d Cir. 1991). Although these requirements are intertwined, each must be met to support

intervention of right. *Id.*

The Intervenors argue that they are entitled to intervene as a matter of right pursuant to Fed. R.

Civ. P. 24(a) because the declaratory relief sought by Plaintiff will impair or impede their right or ability

to protect the interests of the estates to be asserted against Defendant. (Document No. 14, p. 2;

Document No. 20, p. 2). Plaintiff argues that Intervenors have no right to intervene because they have

no interest that may be affected or impaired by the disposition of the action and their Petitions in

Intervention should be stricken from the record. (Document No. 16, p. 4; Document No. 21, p. 4).

---

[1]Betty Church is the Administratrix of Ronnie Wilson's estate. (Document No. 14, p.1). John Colella is
the Administrator of David Colella's estate. (Document No. 20, p. 1).

2

The Intervenors argue that their right to bring an action against Defendant on behalf of the estates they represent may be impaired by disposition of this action. (Document No. 14, p. 2; Document No. 20, p. 2). The Court finds that the Intervenors have not demonstrated that they have an interest that may be impaired or impeded if they are not allowed to intervene in the case *sub judice*. Regardless of the disposition of the case *sub judice* the Intervenors may assert any legal cause of action they may have against Defendant in the appropriate forum and the disposition of this action will not in any way impair or impede their right to bring such an action against Defendant. Intervenors cite a few cases in an attempt to support the argument that they have an interest that may be impaired and, therefore, have a right to intervene. (Document No. 14, pp.2-3; Document No. 20, pp. 2-3). The cases cited by Intervenors in support of their argument that they have a right to intervene are not on point. First, none of the cases cited by Intervenors deal with the issue of intervention of right. *See Erie Ins. Exchange v. Lake*, 543 Pa. 363, 671 A.2d 681 (1996); *Risha v. Farmers Fire Ins. Agency*, 2001 WL 1945098 (Pa. Ct. Com. Pl. 2001); *Peer v. Minnesota Mutual Fire & Casualty Co.*, 1995 WL 141899 (E.D. Pa. 1995); *Lavin v. Fireman's Ins. Co. of Newark, New Jersey*, 1993 WL 436028 (E.D. Pa. 1993). Second, not one of these cases addresses the essential issue of how disposition of the case *sub judice* will impair or impede the Intervenors' ability to assert an action against Defendant.[2] *Id.*

---

[2]The Intervenors argue, citing *Erie Ins. Exchange v. Lake*, 671 A.2d 681 (Pa. 1996), that the deceased tenants were "innocent third parties" with rights to preserve under the terms of the policy. (Document No. 14, p. 2; Document No. 20, p. 2). This case, however, is inapplicable to the case *sub judice* because it is an automobile insurance case that is specifically governed by Act 78, remedial legislation created to deal with the particular issues that arise in automobile insurance cases where the purpose of the insurance is not just to protect the automobile owner, but also to protect those that might be injured by the automobile owner while using his vehicle. *Id.* at 685-87. Next, the Intervenors cite unpublished mortgagee and co-insured cases. (Document No. 14, pp. 2-3; Document No. 20, pp. 2-3). These cases are also not applicable to the facts present in the case *sub judice* as the deceased tenants held neither the interest of a mortgage with a secured interest in the property, nor an interest as a co-insured under the policy. *See Risha v. Farmers Fire Ins. Agency*, 2001 WL 1945098 (Pa. Ct. Com. Pl. 2001) (holding co-insured who did not sign falsified application was still covered under policy); *Peer v.*

3

Additionally, the Intervenors' Petitions in Intervention do not set forth any claims or defenses that the Intervenors wish to make as required by Fed. R. Civ. P. 24(c). (Document No. 14; Document No. 20). Finally, the Court finds that, to the extent the Intervenors have an interest in having the policy upheld as valid, that interest is identical with Defendant's interest in this case and, therefore, is adequately represented by existing parties. *See* Fed. R. Civ. P. 24(a).

The Intervenors fail to meet all of the requirements necessary to support intervention of right. Accordingly, Intervenors' Petitions in Interventions are denied and Plaintiff's Motions to Strike are granted.

An appropriate order follows.

---

*Minnesota Mutual Fire & Casualty Co.*, 1995 WL 141899 (E.D. Pa. 1995) (mortgagee); *Lavin v.Fireman's Ins. Co. of Newark, New Jersey*, 1993 WL 436028 (E.D. Pa. 1993) (mortgagee).

**AND NOW,** this 27th day of July, 2006, after considering Betty Church's Petition for Intervention (Document No. 14), Plaintiff's Response and Motion to Strike Betty Church's Petition in Intervention and its Brief in Support (Document No. 16), John Colella's Petition in Intervention (Document No. 20), Plaintiff's Response and Motion to Strike John Colella's Petition in Intervention (Document No. 21) and its Brief in Support (Document No. 22), the Court finds that Betty Church and John Colella have failed to establish their right to intervention, therefore, **IT IS HEREBY ORDERED** that Betty Church's Petition in Intervention (Document No. 14) and John Colella's Petition in Intervention (Document No. 20) are DENIED and Plaintiff's Motions to Strike the Petitions in Intervention (Document Nos. 16 and 21) are GRANTED.

**IT IS FURTHER ORDERED** that Betty Church's Petition in Intervention (Document No. 14) and John Colella's Petition in Intervention (Document No. 20) be stricken from the record.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

5